1    **Mark Antoine Foster, In Pro Per**
     725 Ellis Street, #408
2    San Francisco, CA  94109
     (415) 756-1611
3

FILED

SEP 28 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                        **OAKLAND DIVISION**

                                                                    SBA
11                        Case No. **C 07    5029**

12   **MARK ANTOINE FOSTER,**              **COMPLAINT**

13                        **Plaintiff**    **DEMAND FOR JURY TRIAL**

14      **vs.**

15   **OPERATION DIGNITY, INC., a**
     **California Non-Profit corporation,**
16   **ALEX McELREE, an individual, WILLIAM**
     **KENNEDY, an individual, LINDA**
17   **GRIFFIN**                    **Defendants**

18   _____/

19      **I.    JURISDICTION AND VENUE**

20          1.    This court has jurisdiction over this complaint because it arises under the laws of

21   the United States. The court has jurisdiction of the subject matter of this action pursuant to 28

22   U.S.C. §1331, 5 U.S.C. §7. The action arises out of the Constitution of the United States and

23   plaintiff seeks to redress violations of fifth and fourteenth amendments to the United States

24   Constitution. Plaintiff also seeks to redress defendants' subsequent violations of the FHAA and

25
     **COMPLAINT**                                                          1

attack the appropriateness of the defendants 'actions violating *Section 794 of the Rehabilitation Act ("Rehab Act") 29 U.S.C. § 794(a)(1996)*, the Americans with Disabilities Act and the Consumer Fraud Act.

2.     Venue is proper under 28 U.S.C.1402(a)and1391(e).Venue is appropriate in this court because all of the defendants reside or work in this district and all of the acts and omissions giving rise to this lawsuit occurred in this district.

**II.     INTRADISTRICT ASSIGNMENT**.

3.     This lawsuit would be assigned to the Oakland Division of this court because a substantial, if not all of the events and omissions giving rise to this lawsuit occurred in this district, and specifically in the city of Alameda, California.

**III..     PARTIES**

4.     At all times herein mentioned, Plaintiff **MARK ANTOINE FOSTER** was a resident of the City of Alameda, County of Alameda, with his residence address being 2300 Moonlight Terrace, Apt. A, Alameda, California.  Plaintiff took possession of his apartment on or about August 17, 2004 and remained in possession until January 31, 2007. Plaintiff moved to 725 Ellis Street, San Francisco, CA.

5.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant **OPERATION DIGNITY, INC.** (hereafter "OPERATION DIGNITY") is a California non-profit corporation with its principal office located at 1504 Franklin Street, Oakland, California.  Defendant OPERATION DIGNITY owns, operates, leases, or manages that certain apartment building located at 2300 Moonlight Terrace, Alameda, California, which is commonly known as "Dignity Commons."  Defendant OPERATION DIGNITY is Plaintiff's landlord.

6.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant **ALEX McELREE**, an individual, is the owner, officer, director,

**COMPLAINT**

employee, and/or agent of Defendant OPERATION DIGNITY. His principal place of business is 1504 Franklin Street, Oakland, California.

7.     There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants OPERATION DIGNITY and McELREE such that any individuality and separateness between Defendants OPERATION DIGNITY and McELREE, as owner, officer, director, or agent of Defendant OPERATION DIGNITY, has ceased. Defendants are the alter egos of one another.

8.     Adherence to the fiction of separate existence between Defendants OPERATION DIGNITY and McELREE as entities distinct from one another would permit an abuse of the corporate privilege and would sanction fraud or promote injustice in that it would prevent Plaintiff from pursuing claims for damages from all parties responsible for his injuries.

9.     Plaintiff is informed and believes and thereon alleges that Defendant **WILLIAM KENNEDY**, an individual, was the employee, partner, and/or agent of Defendant OPERATION DIGNITY. His principal place of business is 1504 Franklin Street, Oakland, California.

10.    Plaintiff is informed and believes and thereon alleges that Defendant **LINDA GRIFFIN**, an individual, was the employee, partner, and/or agent of Defendant OPERATION DIGNITY. Her principal place of business is 1504 Franklin Street, Oakland, California.

11.    Plaintiff does not know the true names of Defendants and therefore sues them by their fictitious names. Plaintiff will amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by these defendants. Each reference in this complaint to "Defendant OPERATION DIGNITY," "Defendant McELREE," "Defendant KENNEDY," "Defendant GRIFFIN," "Defendant," "Defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

**COMPLAINT**

3

12. At all times herein mentioned, each defendant was the agent, employee, partner, independent contractor, or joint venturer of each other defendant and was acting within the scope and authority of such relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein consented to, ratified, and authorized the acts herein alleged of each of the remaining defendants.

13. At all times herein mentioned, each defendant operated and managed Dignity Commons and maintained control of Dignity Commons.

**IV.    INTRODUCTION**

14. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 13 of this complaint as though fully set forth herein.

15. This is a wrongful eviction matter stemming from defendants filing an unlawful detainer action against plaintiff on **July 14, 2006.**

16. Operation Dignity Inc. is a transitional housing program servicing U.S. Veterans. Operation Dignity Inc. is also a Public Housing Assistance program (PHA) governed by HUD and other federal and state laws that require that they follow due process in any termination of their tenants' tenancies. Operation Dignity Inc. is privately owned but receives federal rent subsidies from the Veterans Administration to help subsidize the veterans rent. The VA pays approximately 65% of the veteran's rent, the veteran pays the balance.

17. During the course of plaintiff's tenancy with defendants, defendants filed two (2) unlawful detainer actions against plaintiff, in both proceedings plaintiff brought forth retaliatory eviction as an affirmative defense and an affirmative cause of action, in order to retain possession of his apartment. The first unlawful detainer action, case number **AG06262593** was filed on March 30, 2006 and was for plaintiff's purported nonparticipation in case management services. On or about July 5, 2006, during and at the commencement of plaintiff's pre-trial conference regarding the unlawful detainer , defendants agreed to dismiss

**COMPLAINT**

4

1    the case against plaintiff, and plaintiff retained in possession of the premises at 2300

2    Moonlight Terrace in Alameda, California. The second unlawful detainer action, case number

3    **AG06279183** was filed on July 14, 2006 and was for plaintiff's alleged nonpayment of rent. At

4    the commencement of plaintiff's pre-trial conference, defendants agreed to waive plaintiff's back

5    rent from June 2006, if plaintiff would agree to vacate the premises by January 31, 2007.

6    Defendants' reason for terminating plaintiff's lease was that plaintiff's rent subsidy from the VA

7    expired. Plaintiff agreed to vacate. A stipulation regarding Dismissal/Judgment was agreed upon

8    by defendants and plaintiff, thereafter on January 31, 2008, plaintiff vacated the premises.

### FIRST COUNT
#### Arbitrary Discrimination
#### Violating the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617
#### Caused by Retaliatory Eviction pursuant to §1942.5 (c)]

12    18.    Plaintiff incorporates by reference each and every allegation set forth in

13    paragraphs1through 17 as though fully set forth herein.

14    19.    Plaintiff brought this action in Alameda Superior Court as an affirmative defense

15    and an affirmative cause of action for retaliatory eviction pursuant to California Civil Code

16    §1942.5 (a) (c), and pursuant to California Civil Code §52 and FEHA. Plaintiff now brings this

17    action to this district court pursuant to **the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617**

18    **and 42 U.S.C.A. §3613(a) of the Fair Housing Act Amended (FHAA)** for; being retaliated

19    against by defendants for plaintiff organizing and advocating lessee's rights, and informing other

20    tenants of those rights, and for peaceably exercising his own rights under the law to retain

21    possession of his apartment. Defendants conduct was intentional discrimination and constituted

22    coercion, intimidation and interference on the account of plaintiff having exercised his rights and

23    aided and encouraged others to exercise their rights, among other things.

24    20.    Statute Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617, makes it unlawful to

25

**COMPLAINT**                                                                                                    5

coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act.

21.     California Civil Code §1942.5 (h) states "The remedies provided by this section shall be in addition to any other remedies provided by statutory or decisional law".

22.     California Civil Code §52(e) states "Actions brought pursuant to this section are independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law".

23.     Plaintiff timely files this complaint pursuant to **42 U.S.C.A. §3613(a) (1) (A) of the Fair Housing Act Amended (FHAA, which states, "An** aggrieved person may commence an civil action in an appropriate United States district court or state court not later than 2 years after the occurrence or the termination of the alleged discriminatory housing practice, or breach of conciliation agreement entered into under this subchapter, which ever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach."

24.     On or about June 28, 2004, plaintiff entered into a written rental agreement with defendants by the terms of which defendants rented the premises to plaintiff on a month-to-month tenancy at the rental rate of $225.00 per month, payable monthly on the first day of each and every month, commencing on June 28, 2004.

25.     Under the terms of the rental agreement, plaintiff entered into possession of the premises on or about August 17, 2004, and had continued in possession of his apartment since until January 31, 2007..

26.     On or about July 7, 2006, defendants, and each of them, served plaintiff with a three (3) day notice to pay or quit for alleged non payment of rent. Plaintiff is informed and believes and therefore alleges that the subject three-day notice to pay rent or quit was in retaliation against plaintiff, among other things, for plaintiff; (1) successfully defending himself in a prior unlawful detainer action, (2) writing letters to the Veteran's Administration's

**COMPLAINT**                                                                                                                    6

Inspector General, the regional Director of HUD, and Congressman Pete Stark, exposing plaintiff's fraud and violation of federal law, (3) organizing tenants and informing them of their rights and about the unlawful detainer actions of plaintiff, (4) exercising his rights to a reasonable accommodation, and to not pay his rent until he was served with a proper notice (5) refusing to sign an agreement that violates HUD rules and regulations, (6) complaining about harassment from the property manager, and(7) for insisting on not moving in a building that was suitable for his needs.

27.    On or about July 14, 2006, for the reasons mentioned herein, defendants, and each of them filed and formally served plaintiff with an unlawful detainer complaint and summons for the alleged non payment of rent, and defendants entered an incorrect date of plaintiff's lease as 8/17/04 on the face of the unlawful detainer complaint, that defendants filed against plaintiff. Plaintiff is informed and believes and therefore alleges that defendants did this in an attempt to deceive plaintiff, his attorney and the court that he was bound by a lease that was dated 8/17/04, when there never was any lease executed by defendants and plaintiff on 8/17/04.

28.    Plaintiff is informed and believes and therefore alleges that defendant's reason to evict, which was for plaintiff's alleged non payment of rent was not the reason or primary motive for evicting plaintiff. Plaintiff believes and therefore alleges that defendant's primary motive for evicting plaintiff was for the retaliatory reasons mentioned herein, and because plaintiff exercised his right not to pay his rent, due to the three- day notice defendants served on him was defective (for several reasons), and because defendants were angry at plaintiff, and insecure about plaintiff exposing their illegal activities to the other tenants and governmental agencies. Defendants also knew that plaintiff possessed a month to month lease without stipulations on the term of his tenancy, (where a majority of the other tenants did have those stipulations in their leases) and for the reasons herein, among other things, were desperate to recover possession of the premises.

**COMPLAINT**

7

1   29. Plaintiff also alleges and therefore believes that; because defendants receive over

2 sixty-five percent of plaintiff's rent in subsidies from the VA, plaintiff can easily claim that the

3 portion of the rent he pays is to small to justify eviction, especially in the event, plaintiff would

4 request a hardship exemption, as he is entitled to if he was having financial difficulty. If plaintiff

5 requests and is entitled to a hardship exemption, defendants can request zero rent for plaintiff,

6 and the VA will pay substantially more of plaintiff's rent, or the entire rent amount, until plaintiff

7 recovers from the hardship. This gives defendants no reason to evict plaintiff from his home for

8 nonpayment of rent if he claims a hardship exemption, as plaintiff did in this case. Defendants

9 rejected and refused to give plaintiff his hardship exemption.

10   30. Plaintiff is informed and believes and therefore alleges that defendants, and each

11 of them, failed to terminate his tenancy prior to defendants filing the unlawful detainer action

12 against him. Defendants proceeded to unlawfully evict plaintiff, knowing that such action was

13 unlawful and without legal merit, because defendants knew; (1) the notice was defective, and

14 they knew that plaintiff had a right not to pay his rent until the notice was served on him

15 properly, and (2) until he was reasonably accommodated by defendants.

16   31. Plaintiff is also informed and believes and therefore alleges that defendants

17 violated plaintiff's Fifth Amendment Rights, which violated due process laws when they did not follow

18 proper procedures (or used improper procedures) to evict him, 1) defendants served him an improper

19 termination notice, it being improper because it omitted a ten (10) day clause that is required on

20 the face of the notice informing the plaintiff that he has a ten day opportunity to grieve the

21 termination of his tenancy with the landlord, **violating** 24 CFR CHVIII, §880.607(c),

22 24CFRCHIX §966.4(3)(ii), and the notice  was defective because the rent amount stated on the

23 notice was incorrect, and 2) defendants denied plaintiff his entitled grievance hearing, **violating**

24 24 CFRCHIX §966.4(3)., and  3) defendants denied  plaintiff  his hardship  exemption, violating

 **2CFR§5.630(2)(A)(B)(C)(D).**

25 **COMPLAINT**                8

32.    In section nine (9), Termination of Tenancy, in plaintiff's lease, it states: Any termination of this Agreement by the agent must be carried out in accordance with APC Property Management Standards, HUD regulations, state and local law, and the terms of this agreement.

33.    Defendants were not in accordance with HUD regulations when they proceeded to evict plaintiff in the manner in which they did.

34.    Defendants also knew that they could move to recover possession of the premises, by simply waiting until after plaintiff's twenty-four subsidy from the VA expired, plaintiff being a U.S. Veteran residing in housing and participating in defendant' transitional program. Instead of trying to reasonably accommodate plaintiff, defendants instead chose to ignore following due process to evict plaintiff, and chose to not reasonably accommodate plaintiff, and moved to unlawfully evict him before his twenty-four month rent subsidy expired.

35.    Thereafter, on or about August 14, 2006, plaintiff filed a demurrer to defendant's unlawful detainer for the serving of the improper notice.

36.    Thereafter, on or about August 28, 2006, defendants filed an opposition to plaintiff's demurrer.

37.    Thereafter, on or about September 7, 2006, plaintiff filed a reply to defendant's opposition to plaintiff's demurrer.

38.    Thereafter, on or about September 12, 2006, this superior court overruled on plaintiff's demurrer.

39.    Thereafter, on or about September 18, 2006, plaintiff filed his answer to defendant's unlawful detainer.

40.    Thereafter, on or about November 1, 2006, plaintiff's pre conference settlement was held, and plaintiff and defendants discussed a tentative agreement to settle the unlawful detainer action defendants filed against plaintiff.  Plaintiff explained his reasons for not paying

**COMPLAINT**

9

rent, due to the three-day notice served to him was improper, the fact that he was denied his grievance hearing, and the fact that the defendants were failing to reasonably accommodate him, due to his hardship, disability and source of income. Plaintiff offered and was willing to pay all back rent up to the current date to defendants, but defendants refused. Defendants stated that the reason plaintiff was being evicted was because his rent subsidies from the VA had expired and he had to vacate the premises. Plaintiff agreed to leave for this reason. Plaintiff insisted that he was not in violation of not paying his rent and will not allow defendants to evict him on those grounds. Plaintiff informed defendants that he was willing to go to jury trial in the event defendants proceeded to evict him for alleged nonpayment of rent. Defendants and plaintiff agreed to reschedule to another pre conference settlement on November 14, 2006 in a continuance to settle the matter.

41.     Thereafter, on or about November 14, 2006, defendants and plaintiff reached the agreement that if plaintiff would agree to leave on January 31, 2007, defendants will waive plaintiff's back rent and current rent. Plaintiff agreed to leave. Defendants asked plaintiff to waive his rights to sue and any motions to stay; plaintiff declined, and also stated that he also expects his security deposit back. Defendants agreed to the return the deposit as long as there was no damage to the premises. A stipulation Dismissal/Judgment was written and agreed upon by both parties.

42.     Plaintiff is informed and believes and therefore alleges that defendants' reason to evict – which was for plaintiffs' alleged nonpayment of rent, is a cover-up, and an invalid reason, in that, defendant's used nonpayment of rent as a pretext to mask their discriminatory intent. The defendants used it as a cover-up to unlawfully evict plaintiff.  The Defendants' primary motive for wanting to evict plaintiff was to ensure that he vacated the premises prior to his twenty four (24) rent subsidy from the VA expiring. Plaintiff alleges that the defendants use these methods because they find it easier than doing their duties, rather than; using the proper procedures to

**COMPLAINT**                                                                                                10

1  assist the plaintiff and other tenant/veterans to transcend to a permanent housing situation, as

2  they are required to do, and funded by the government and private sources to do. It has become a

3  habitual procedure for defendants to use these tactics. The defendants use the veterans to obtain

4  their funding for their program, but then deprive the veterans by illegally evicting them before

5  their twenty-four (24) month subsidy expires. The defendants coerce the tenant/veterans out of

6  their apartments because they are afraid that the tenant/veterans will overstay their 24 month

7  term., and/or in retaliation when the tenant/veteran exercises their constitutional rights to stay

8  after the defendants attempt to force them out of their apartments prior to their VA subsidy

9  ending, among other things. Once the defendants inform the tenant/ veteran he has to leave

10  without good cause and prior to his term ending, and the tenant/veteran then refuses to leave and

11  exercises his right to remain in possession of the premises, the defendants retaliate by serving

12  termination notices and unlawful detainers. This is how the defendants manage to force the

13  tenant/veterans out, which helps them to manage their program pursuant to their unfair

14  discretion. The defendants are not allowed by law to evict the tenant/veteran or any tenant

15  illegally. . Therefore, plaintiff claims that his purported alleged "non- payment of rent" was not

16  defendant's primary motive to evict plaintiff. Defendants first primary motive to evict plaintiff

17  was defendants; (1) wanting plaintiff to vacate the premises prior to or by the end of the twenty-

18  four month term in which the Veterans Administration (VA) agrees to subsidize the plaintiff's

19  rent; (plaintiff being a U.S. Veteran residing in defendant's housing and participating in

20  defendant's VA supported Transitional housing program). (2) Defendants second primary motive

21  to evict plaintiff was defendants anger and retaliation against plaintiff; for plaintiff exercising his

22  rights to retain possession of the premises, among other things under his lease, and pursuant to

23  §1942.5(a). (3) Defendants also knew they issued plaintiff a month-to month lease with no

24  limitation on the length of his term, and for the reasons herein, among other things, Defendants

25  were desperate to recover possession of the premises, and initiated unlawful actions against

**COMPLAINT**

1  plaintiff to do so, mainly because they wanted plaintiff to stop exposing their illegal evictions

2  and informing other tenants of their rights, and was afraid because plaintiff's lease was month to

3  month, it would be harder to evict him, and they simply just wanted to get rid of him, because in

4  their mind, plaintiff was a trouble maker.

5     43.  Defendants also knew that they could legally recover possession of the premises

6  after plaintiff's twenty-four month rent subsidy from the VA expired. Defendants instead

7  harassed plaintiff and attempted to force and/or coerce plaintiff out of the premises, prior to his

8  twenty-four month subsidy ending.  Defendant's actions were in retaliation against plaintiff,

9  because he stated that he would exercise his rights as a tenant, including his right to stay, among

10  other things. Defendants then continued to retaliate against plaintiff when he exercised his right

11  to stay.

12     44.  Plaintiff is informed and believes and thereon alleges that defendants, and each of

13  them, failed to terminate his tenancy prior to defendants filing the unlawful detainer action

14  against plaintiff.  Defendants proceeded to unlawfully evict plaintiff, knowing such action was

15  unlawful and without legal merit, and defendants did not follow due process to evict plaintiff.

16     45.  Defendants want to be perceived as "good corporate citizens' who help homeless

17  veterans when in actuality Defendants are deceiving and defrauding the veterans that participate

18  in their programs, and Defendants are also deceiving and defrauding the VA and the public.

19  Defendants are using homeless U.S. Veterans to obtain funding from the government, public and

20  private sources, but the veterans are being subjected to intentional discrimination and being

21  deprived and denied the full benefits and reasonable accommodations they are entitled to from

22  the Defendants' program.

23     46.  Defendants attempt to recover possession from plaintiff violated **the Civil Rights**

24  **Act of 1968, § 817, 42 U.S.C.A. §3617,** as defendants terminated plaintiff's tenancy in

25

**COMPLAINT**                 12

retaliation for his exercising his legal rights regarding tenancy. Plaintiff is therefore entitled to statutory damages, costs and an award of attorney fees.

47.    As a direct and proximate result of the retaliatory actions of defendants, and each of them, plaintiff was required to retain an attorney to represent him in the unlawful detainer action at a cost of $200.00.

48.    As a further direct and proximate result of defendants' outrageous conduct, plaintiff has suffered and continues to suffer great anxiety, mental anguish, embarrassment, anger, and loss of enjoyment of life, injury to reputation, humiliation and severe emotional distress in an amount to be determined at trial.

49.    The retaliatory actions of defendants, as alleged in this complaint were oppressive and malicious within the meaning of Civil Code section §3294 in that such actions constituted despicable conduct which subjected plaintiff to cruel and unjust hardship and a willful and conscious disregard for plaintiff's rights and safety hereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to **42 U.S.C.A. §3613 (c) (1).**

50.    Plaintiff is entitled to recover prevailing party attorney's fees pursuant to **42 U.S.C.A. §3613 (c) (2) and** by other statutory entitlements.

**WHEREFORE**, Plaintiff FOSTER prays for judgment against defendants, and each of them, as more fully set forth below.

## SECOND COUNT
### Failure to Reasonably Accommodate
### Violating the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3604 3(B)
### THREE VIOLATIONS
### Against all Defendants
### First Violation

51.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 50 as though fully set forth herein.

**COMPLAINT**

13

52.     Defendants retaliatory and other illegal actions to attempt to evict Plaintiff from the premises, upon Plaintiff exercising his constitutional rights to remain in possession of the premises, interfered with the exercise of Plaintiff's constitutional rights, in that plaintiff was denied a reasonable accommodation.

53.     Statute **42 U.S.C.A. §3604 3(B) a refusal to make reasonable accommodations in rules**, policies, practices, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling

54.     Plaintiff is informed and believes and thereon alleges that he was discriminated against by Defendants on the **basis of his disability, violating 42U.S.C.A. §3604 3(B, as this constitutes the first violation.** Specifically, Plaintiff is subject to arbitrary discrimination because of Plaintiff's personal characteristic: being a mentally disabled, homeless veteran. Defendants' actions attempting to unlawfully evict Plaintiff dictate; Defendants failing to reasonably accommodate plaintiff due to his disability. Defendants knew plaintiff was on disability and knew that by attempting to illegally evict him they were failing to reasonably accommodate him. Plaintiff was determined unfit to work due to a mental/psychological injury he endured from his employer between February and March 2006, and on April 4, 2006, he was certified by his doctor to receive state disability payments. Although the defendants filed the Unlawful Detainer action against plaintiff on March 30, 2006, they did not serve the summons and UD action until May 5, 2006. Defendants received information that plaintiff was receiving state disability prior to May 5, 2006 from various numerous communications, but still proceeded to evict plaintiff.

55.     Defendants took advantage of, or abused plaintiff while he was mentally disabled and a homeless veteran. The Defendants did not anticipate that Plaintiff would discover and uncover Defendants' illegal discriminatory and retaliatory acts, nor did Defendants expect Plaintiff to first; realize what his rights were and second; fully exercise his rights to remain in

COMPLAINT                                                                                    14

possession of the premises. Defendants expected plaintiff not to be able to know how to defend himself because of his mental disability and at the time his "mentally depressed state of mind" and/or his psychological vulnerability and emotional stress due to his homeless status.

56.    Plaintiff alleges that the defendants considered him a second class citizen and one who can not afford to properly defend himself. Defendants expected plaintiff to vacate the premises without resisting, due to the reasons mentioned above, and the harassment that the Defendants were subjecting plaintiff too. The Defendants profiled Plaintiff as under-privileged and a depressed victim that is unfocused. Defendants were depending on Plaintiff being without financial resources, down and in such a depressed state of mind that Plaintiff will not be able to, or know how to pursue his legal rights.

57.    When the defendants attempted to evict plaintiff without proper cause and without following due process, they violated the FHA, because they refused to make a reasonably accommodation in their rules, policies, practices and services when they could have or should have, as it was necessary to afford plaintiff, as a handicapped person, an equal opportunity to the use and enjoyment of his apartment. Pursuant **to 24CFRCh.IX 966.7(a) (b),** A PHA such as Operation Dignity, Inc. is required to provide a notice to each tenant that the tenant may, at any time during the tenancy, request reasonable accommodation of a handicapped household member, including reasonable accommodation so that the tenant can meet lease requirements or other requirements of tenancy. Plaintiff never received such notice neither did any other of the tenant/veterans, and was denied the right to know he was entitled to a reasonable accommodation.

58.    The defendants are a Public Housing Assistance Program, and it is funded by the Veterans Administration, and public and private sources, therefore, Operation Dignity (especially) must follow due process pursuant to government and state laws when terminating their tenancies. The defendants are in a position where they must not fail to reasonably

**COMPLAINT**                                                                                          15

accommodate any disabled tenants. It was not necessary for the defendants to evict plaintiff before his two year subsidy from the VA expired, nor did they have the right to evict plaintiff for the reasons that they did. Defendants knew plaintiff was receiving state disability payments and not working because of his disability. Pursuant to **24 CFR ChVIII 880.603(c)**, a PHA is required to reexamine the income and composition of all families at least every twelve months, which means they have a responsibility to know the status and source of their tenant's income.

59.    Defendants also knew that they could legally recover possession of the premises after plaintiff's twenty-four month rent subsidy from the VA expired. Defendants instead harassed plaintiff and attempted to force and/or coerce him out of the premises, prior to his twenty-four month subsidy ending.

60.    Defendants receive over sixty-five (65%) of plaintiff's monthly rent from the VA, which the VA pays for at least 24 months. The balance is paid by plaintiff. The defendants would not have been affected financially by allowing plaintiff to remain in his apartment; at least until his two year subsidy had expired.

61.    Defendants insisted on terminating his tenancy for retaliatory reasons and ignored his mental disability. The defendants were willing to evict plaintiff regardless of his disabled position. Defendants' actions also aggravated plaintiff's already "mentally depressed state", during that time.  This demonstrates the defendants "conscious disregard of the rights and safety of others".

## Second Violation
## Failure to Reasonably Accommodate

62.    Plaintiff is also informed and believes and thereon alleges that he was discriminated against by defendants on the basis of his **"Handicapped Homeless Veteran" status,** violating **42U.S.C.A. §3604 3(B)**, **as this constitutes the second violation.**

63.    Plaintiff alleges and therefore believes that because he was a "homeless veteran",

**COMPLAINT**

16

1    he is part of a group that is in a "protected class, due to homeless veterans being classified as

2    handicapped under the FHAA.  *See 42 U.S.C. § 3602*(h) (defining "handicap"). Defendants' acts

3    constitute another form of arbitrary discrimination against plaintiff and other (handicapped)

4    homeless veterans, as defendants discriminated against them by failing to reasonably

5    accommodate them  when they illegally evicted plaintiff and the other tenant/veterans in their

6    "handicapped homeless status".

7        64.     Plaintiff is informed and believes and therefore alleges and therefore that he and

8    the other Tenant veterans are considered handicapped and meet the requirements above as being

9    qualified as handicapped under the FHAA.  Plaintiff and other tenant/veterans have received

10    disparate and discriminatory treatment from defendants compared to treatment of tenants in other

11    PHA's, as the disparate treatment has a discriminatory effect on homeless handicapped veterans.

12       **WHEREFORE**, Plaintiff FOSTER prays for judgment against defendants, and each of

13    them, as more fully set forth below.

14                    **THIRD COUNT**

**Violation of  Section 794 of the Fair Housing and Rehabilitation Act:**

15

**Violating the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3604 3(B)**

16

**Third Violation of Failure to Reasonably Accommodate**

17

**Against all Defendants**

18       65.    Plaintiff incorporates by reference each and every allegation set forth in

19    paragraphs 1 through 64 as though fully set forth herein.

20       66.    Plaintiff is informed and believes and therefore  alleges that the defendants violated

21    **Section 794 of the Fair Housing Act and** Rehabilitation Act ("Rehab Act") which provides, in relevant

22    part, that  no otherwise qualified individual with a disability in the United States . . . shall, [**19]   [*800]

23    solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or

24    be subjected to discrimination under any program or activity receiving Federal financial assistance or

25

**COMPLAINT**                                                       17

1    under any program or activity conducted by any Executive agency or by the United States Postal Service.

2        67.    *29 U.S.C. § 794(a) (1996).* The Rehab Act defines "qualified individual with a disability"

3    as one who " (i) has a physical or mental impairment which substantially limits one or more of such

4    person's major life activities (ii) has a record of such an impairment, or (iii) is regarded as having such an

5    impairment." *29 U.S.C. § 706(8)(B).*

6        68.    Plaintiff is informed and believes and therefore alleges that defendants violating the

7    Rehab Act is also a violation of **42 U.S.C.A. §3604 3 (B), failing to reasonably accommodate.**

8        69.    Plaintiff is informed and believes and therefore alleges that he and the other

9    Tenant veterans are considered handicapped and meet the requirements above as being qualified

10   as handicapped under the FHAA.  Plaintiff and other tenant/veterans have received disparate and

11   discriminatory treatment from defendants compared to treatment of tenants in other PHA's, as

12   the disparate treatment has a discriminatory effect on homeless handicapped veterans.

13       70.    Defendants also knew that they could legally recover possession of the premises

14   after plaintiff's twenty-four month rent subsidy from the VA expired. Defendants instead

15   harassed plaintiff by attempting to force and/or coerce him out of the premises, prior to his

16   twenty-four month subsidy ending.

17       71.    Defendants' program is federally assisted and defendants receive over sixty-five

18   (65%) of the plaintiff's monthly rent from the VA, which the VA pays for at least 24 months.

19   The balance is paid by the plaintiff. The defendants would not have been affected financially by

20   allowing plaintiff to remain in his apartment, at least until his two years had expired.

21       72.    Defendants insisted on terminating plaintiff's tenancy for retaliatory reasons and

22   ignored his disability status. The defendants were willing to evict plaintiff regardless of his

23   disabled and homeless status. Defendants' actions also aggravated plaintiff's already "mentally

24   depressed state", during that time.  This demonstrates the defendants "conscious disregard of the

25

**COMPLAINT**

rights and safety of others".

**WHEREFORE**, Plaintiff FOSTER prays for judgment against defendants, and each of them, as more fully set forth below.

**FOURTH COUNT**

**Due Process Violations  pursuant to PHA under Housing Act., 42 U.S.C.A §1983; United States  Housing Act of 1937, §2, as amended, 42 U.S.C.A  §1437**

**THREE VIOLATIONS**

**Against all Defendants**

73.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 72 as though full set forth herein.

74.    Plaintiff is also informed and believes and thereon alleges that defendants are in breach of the covenants of good faith and fair dealing and quiet enjoyment. Defendants are guilty of waiver, estoppel and unclean hands, among other things.

75.    Defendants are guilty of violating plaintiff 5th and 14th amendment rights of due process.

76.    Specifically; defendants did not follow proper procedures to terminate plaintiff's tenancy, committing three violations of due process, which include the following. **(1)** Defendants are guilty of serving Plaintiff an improper 30 day termination notice, as alleged in this complaint, **as this act constitutes the first violation**. The 30 day termination notice omitted the clause informing Plaintiff that he has a ten day opportunity to grieve and/or resolve the termination matter with the landlord, this act violates section **24 CFR CHVIII, 880.60 (C), , 24CFRCHIX 966.4(3)(ii)**, and **(2)**Defendants are guilty of denying Plaintiff his entitled grievance hearing to discuss the termination matter with the landlord, **as this act constitutes the second violation.** This act violates section **24 CFRCHIX 966.4(3) (iv)**, and **3)** defendants also denied plaintiff his entitled hardship exemption, after plaintiff presented evidence he was entitled and eligible for a hardship exemption, violating **2CFR§5.630(2) (A) (B) (C) (D), as this act constitutes the**

**COMPLAINT**

19

**third violation. Due to the fact that** plaintiff was entitled to a hardship exemption, his rent amount was overstated on the three day to pay or quit termination notice when the defendants served to him. The month and the date plaintiff received the three day notice, which was July 7, 2006, plaintiff had no income. Plaintiff's hardship began in the beginning of June 2006, and plaintiff had no income for the entire month of June and up until on or about July 20, 2006, due to plaintiff's state disability payments being stopped because he missed an appointment with his doctor, who soon after went on vacation, and plaintiff missed being recertified for his disability payments. Plaintiff eventually got recertified, but his payments did not start-up again until around or about July 18, 2006, approximately eleven days after defendants served plaintiff the three day notice to pay or quit, this being the other reason why the notice was improper, being that the amount of rent stated on it was overstated, due to when he was served with the notice, he did not have a income, and defendants could have easily claim zero rent for plaintiff, and request the VA pay the difference. According to section **2CFR§5.630(2)(A)(B)(C)(D),,** in the event a tenant in a (PHA) claims a hardship exemption, the landlord is required by HUD to suspend the plaintiff's rent for ninety days, and then reinstate the tenant's rent after the ninety days, giving the tenant the opportunity to recover from his hardship, defendants denied plaintiff his hardship exemption and ignored the fact that the rent amount on the three-day notice was overstated, and 4) defendants also entered an incorrect date of plaintiff's lease as 8/17/04 on the face of the unlawful detainer complaint defendants filed against plaintiff, which plaintiff believes was done in an attempt to deceive him, his attorney and the court into thinking that he was bound by a lease that was dated 8/17/04, when there never was any lease executed by defendants and plaintiff on 8/17/04. This act also violates section Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617, due to; the purpose of committing the act was to deny plaintiff his right to exercise the rights he was entitled to on the lease he actually signed, and was an attempt to interfere with plaintiff's rights, and coerce plaintiff from his apartment, and also deceive the court.

**COMPLAINT**

20

77.     As a direct and proximate result of defendant's interference with plaintiff's right to a full and equal accommodation and service in defendants' business establishment by defendant, plaintiff has suffered general damages in an amount to be determined at proof at trial.

78.     As a further direct and proximate result of the wrongful acts of defendants, plaintiff is in addition entitled to recover all statutory civil penalties.

79.     The above related actions of the defendants were done with malice, fraud **and** oppression and in reckless disregard of the plaintiff's rights. Specifically; (1) defendants knew that their actions and conduct were despicable and was intended to cause injury to plaintiff., defendants were willful and conscious, knowing that plaintiff had a right to remain in possession of the premises, and had a right not to pay his rent until he was served properly, and (2) defendants also knew that they were required by law to reasonably accommodate plaintiff, therefore, defendants knew that they had failed to state a cause of action to evict plaintiff, and/or knew they could not legally proceed to evict plaintiff, **prior** to proceeding with the Unlawful Detainer action against plaintiff.  Defendants knew that they were subjecting plaintiff to cruel and unjust hardship, in conscious disregard of plaintiff's rights. Defendants also knew that they were especially subject to federal and state housing laws because they are a PHA program participating in a VA subsidized housing program; and knew that the reason, and the way they were attempting to evict Plaintiff was being done with unclean hands, because the three-day notice served on plaintiff was improper, and also because defendants knew they were not reasonably accommodating plaintiff, among other things, therefore defendants knew that they had not stated a cause of action to evict plaintiff, but still proceeded to do so.

WHEREFORE, Plaintiff FOSTER prays for judgment against Defendants, and each of them, as more fully set forth below.

## FIFTH COUNT
### [Breach of Covenant of Good Faith and Fair Dealing]

COMPLAINT

21

**Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A. §3613(c)**

**Against all Defendants**

80.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 79 as though full set forth herein.

81.    Plaintiff is informed and believes and therefore alleges that in assuming the landlord-tenant contracted relationship with Plaintiff, Defendants covenanted to deal with Plaintiff in good faith.

82.    Plaintiff is informed and believes and therefore alleges that Defendants committed a breach of the covenant of good faith and fair dealing with Plaintiff, which covenant is implied into every residential rental contract in California.

83.    By reason of the Defendants actions as alleged herein, including but not limited to Defendants unlawful efforts to evict Plaintiff, all in a concerted effort to recover possession of Plaintiff's home, is in violation of **42 U.S.C.A. §3613(c).** . Damages action under Fair Housing Act sounds basically in tort; statute merely defines new legal duty; and authorizes courts to compensate plaintiff for injury caused by defendants' wrongful breach. Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A. **§3613(c).**

84.    The defendants entered into a contract with plaintiff in the form of a month to month lease, and violated the covenants of good faith and fair dealing when they used unlawful means to evict plaintiff, such as, (1) serving plaintiff an improper 30 day termination notice, as alleged in this complaint. The 30 day termination notice omitted the clause informing plaintiff that he had a ten day opportunity to grieve and/or resolve the termination matter with the landlord, this act violates section 24 CFR CHVIII, 880.607©, FEHA Section 12955, 24CFRCHIX 966.4(3)(ii), Civil Codes 52(a), 52.1(a), 52.1(b), and (2)Defendants are guilty of denying plaintiff his entitled grievance hearing to discuss the termination matter with the landlord, this act violates section 24 CFRCHIX 966.4(3)(iv), FEHA 12955(f), Civil Code 52(a)

and (3) defendants also denied plaintiff his entitled hardship exemption, after plaintiff presented

evidence he was entitled and eligible for a hardship exemption, violating **2CFR§5.630(2) (A)**

**(B) (C) (D)**, ~~as this act constitutes the third violation.~~

85.    Due to the breach being tortious in nature, plaintiff is entitled to emotional stress,

economic and punitive damages.

86.    As a direct and proximate result of said breach, Plaintiff has suffered the actual,

special and general damages as alleged, and which are incorporated herein by this reference, and

seek recovery of the same, and for an award of costs and reasonable attorney fees.

87.    Plaintiff is informed and believes and therefore alleges that the endeavor to

recover possession of the premises by Defendants was in conscious disregard of the Plaintiff's

legal rights, and was willful, oppressive, and malicious; and designed to cause Plaintiff to suffer

economic and emotional injury. Plaintiff is therefore entitled to an award of exemplary and

punitive damages against Defendants, in an amount to be determined at trial.

Wherefore Plaintiff prays for judgment against Defendants, and each of them, as more fully set

forth below.

### **SIXTH COUNT**

#### **[Breach of Contract]**

#### **Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A. §3613(c)**

#### **Against all Defendants**

88.    Plaintiff incorporates by reference each and every allegation set forth in

paragraphs 1 through 87 as fully set forth herein.

89.    By illegally attempting to evict plaintiff, for retaliatory reasons, as well as using

fraudulent and deceitful means, and by discriminating against plaintiff, defendants, and each of

them, have breached their contract with plaintiff, violating the **Civil Rights Act of 1968, 813 (c)**

**as amended, 42 U.S.C.A. §3613(c), 42 U.S.C.A. §3617, as it was another interference of**

**COMPLAINT**

23

plaintiff's rights.

90.    Plaintiff is also informed and believes and thereon alleges that the defendants breached their contract with him when they wrongfully evicted plaintiff and discriminated against him, as plaintiff had a lease agreement with the defendants.

91.    Section 7. **DISCRIMINATION PROHIBITED** of plaintiff's lease with the defendants state: " The Owner and its agent agree not to discriminate upon, race, color, creed, national origin, sex, age, **handicap, membership in a class, such as unmarried mothers or fathers, or recipients of public assistance**, or because there are children in the family.

92.    Section 9 TERMINATION OF TENANCY of plaintiff's lease with the defendants' states: " Any termination of this Agreement by the agent must be carried out in accordance with APC Property Management Standards, **HUD regulations, state and local laws, and the terms of this agreement."**

93.    As the result of defendants' breach of contract, plaintiff has suffered damages as alleged herein. Plaintiff is therefore entitled to an award of exemplary and punitive damages against defendants, in an amount to be determined at trial.

94    .Wherefore plaintiff prays for judgment against defendants, and each of them, as more fully set forth below.

## <u>SEVENTH COUNT</u>

### <u>Violating the Americans with Disabilities Act of 1990, 307(7)(B), 42 U.S.C.A. 1218(7)(B) Against all Defendants</u>

95.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 94 as though fully set forth herein.

96.    Plaintiff is informed and believes and thereon alleges that he was discriminated against by Defendants on the **basis of his disability**, violating <u>the Americans with Disabilities Act of 1990, 307(7)(B), 42 U.S.C.A. 1218(7)(B) and</u> 42U.S.C.A. §3604 3(B) refusing to

COMPLAINT                                                                                          24

**make reasonable accommodations in rules**, policies, practices, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

97.    Specifically, Plaintiff is subject to arbitrary discrimination because of Plaintiff's personal characteristic: being a mentally disabled, homeless veteran. Defendants' actions attempting to unlawfully evict Plaintiff dictate; Defendants failing to reasonably accommodate plaintiff due to his disability. Defendants knew plaintiff was on disability and knew that by attempting to illegally evict him they were failing to reasonably accommodate him. Plaintiff was determined unfit to work due to a mental/psychological injury he endured from his employer between February and March 2006, and on April 4, 2006, he was certified by his doctor to receive state disability payments. Although the defendants filed the Unlawful Detainer action against plaintiff on March 30, 2006, they did not serve the summons and UD action until May 5, 2006. Defendants received information that plaintiff was receiving state disability prior to May 5, 2006 from various numerous communications, but still proceeded to evict plaintiff.

**WHEREFORE**, Plaintiff FOSTER prays for judgment against defendants, and each of them, as more fully set forth below.

## EIGHTH COUNT

### Violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1979; ch 121 1/2 par.262)due to

### Violating the Americans with Disabilities Act of 1990, 307(7)(B), 42 U.S.C.A. 1218(7)(B)and the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617, Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3604 3(B), 42 U.S.C.A. §3613(c), 42 U.S.C.A. §3617,

### Against all Defendants

98.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 97 as though fully set forth herein.

99.    Plaintiff is informed and believes and thereon alleges that due to the defendants

being classified as a Business establishment under the Unruh Civil Rights Act and defendants

committing multiple violations **of the FHAA against plaintiff and other tenant/veterans,**

**defendants' violated the Consumer Fraud and Deceptive Practices Act.**

100.    Plaintiff and other tenant/veterans have received disparate and discriminatory

treatment from defendants compared to treatment of tenants in other PHA's, as the disparate

treatment has a discriminatory effect on homeless handicapped veterans.

101.    Plaintiff alleges that defendants defrauded the Department of Housing and Urban

Development, the Veterans Administration, U.S. States Veterans, and the Alameda Superior

Court, by initiating an ongoing pattern of intentional discrimination against U.S. Veterans.

Defendants manipulated HUD's and its PHA's required self sufficiency program, committed

fraudulent and retaliatory evictions against U.S. veterans, and violating due process laws, among

other things.

**WHEREFORE**, Plaintiff FOSTER prays for judgment against defendants, and each of

them, as more fully set forth below.

### NINTH COUNT

**[Intentional Infliction of Emotional Distress]**
**Violating the Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A. §3613(c)**
**Against all Defendants**

102.    Plaintiff incorporates by reference each and every allegation set forth in

paragraphs 1 through 101 as though fully set forth herein.

103.    Defendant's continued retaliatory actions to attempt to evict Plaintiff as alleged in

this complaint were knowing, intentional and willful and done with reckless disregard of the

probability of causing plaintiff emotional distress.

104.    As a proximate result of defendant's conduct, as alleged in this complaint,

Plaintiff suffered extreme mental anguish and emotional distress in the form of humiliation,

**COMPLAINT**

26

1  mental anguish, anxiety, worry, disappointment and alienation that interfered with Plaintiff's

2  quiet enjoyment. Plaintiff was worried and anxious about whether he was going to lose his home.

3  The acts of defendants injured plaintiff in mind and body, violating the **Civil Rights Act of**

4  **1968, 813 (c) as amended, 42 U.S.C.A. §3613(c),which allows FHA plaintiff in private action**

5  **to seek  actual and punitive damages which  include damages for  emotional distress,**

6  **humiliation,  and mental anguish.**

7       105   .  The retaliatory actions of the Defendants, as alleged in this complaint were

8  oppressive, malicious and outrageous, and were done in reckless conscious disregard of

9  plaintiff's rights and safety. The defendants' acts were intentional violations of federal law. The

10  defendants were standing in a position of authority over Plaintiff, and acted with the intent to

11  damage plaintiff and to cause Plaintiff severe emotional and physical distress. Defendants abused

12  the Landlord/Tenant relationship with plaintiff. Defendant's conduct was done knowingly and

13  willfully in violation of the **Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A.**

14  **§3613(c) Civil Rights 275(1) California Civil Code §, 42 U.S.C.A §1983; United States**

15  **Housing Act of 1937, §2, as amended, 42 U.S.C.A §1437, Civil Rights Act of 1968, § 817, 42**

16  **U.S.C.A. §3604 3(B), Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617,  California Civil**

17  **Code 1942.5, Civil Codes §51, §51(f), §52, §52(a), §52.1(a), §52.1(b), FEHA §12955(f),**

18  **FEHA §12955(l), FEHA §12955(d), FEHA §12955(o), B&P 17200, 24 CFR CHVIII,**

19  **880.607(c), 24CFRCHIX 966.4(3)(ii)**, among other violations, and Plaintiff is therefore entitled

20  to punitive damages in an amount to be determined by proof at trial.

21       **WHEREFORE,** Plaintiff FOSTER prays for judgment against Defendants, and each of

22  them, as more fully set forth below.

                                **PRAYER FOR RELIEF**

23       **WHEREFORE,** Plaintiff FOSTER prays for judgment against Defendants, and each of

24  them, as more fully set forth below:

25

**COMPLAINT**

1      1.      For general damages, including emotional distress, according to proof;

2      2.      For statutory penalties and all relief allowed by statute according to proof;

3      3.      For punitive damages;

4      4.      For an award of attorney's fees;

5      5.      For pre-judgment interest at the legal rate according to proof;

6      6.      For costs of suit incurred;

7      7.      For such other and further relief as the court may deem proper.

Dated:

*Sept 28, 2007*

_____

Mark Antoine Foster, In pro per

**COMPLAINT**